UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PIERRE RICHARD AUGUSTIN,

                Movant,

v.

                Civil Action No. 08-5933 (KSH)

NEW CENTURY TRS HOLDING, INC.;
NEW CENTURY LIQUIDATING TRUST;
NEW CENTURY MORTGAGE CORPORATION,

                **OPINION & ORDER**

                Respondents.

**Katharine S. Hayden, U.S.D.J.**

      This matter comes before the Court upon a *pro se* application to proceed *in forma pauperis*, together with a submission [D.E. # 1] entitled "Emergency Motion to Request the Issuance of Notice of Deposition, Request to Produce Documents & Subpoena[s] Duces Tecum re Deposition to Non-Part[y] Witnesses in case 07-KJC-0416 in Delaware Bankruptcy Court." The movant, Pierre Richard Augustin, is evidently involved with a proceeding ongoing in the United States Bankruptcy Court for the District of Delaware. He has filed this "motion" as an original action in this Court rather than seeking issuance of subpoenas from the Clerk of the Court as required by Rule 45(a)(3) of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure.

      Insofar as Augustin has opened an original action before this Court, the matter is frivolous and shall be dismissed. *See Augustin v. New Century TRS Holding Inc.*, No. 4:08-30, 2008 U.S. Dist. LEXIS 102795, at *1-2 (N.D. Fla. Dec. 9, 2008) (dismissing as frivolous a substantively identical action filed by Augustin); *Augustin v. New Century TRS Holding Inc.*, No.

1

08-141, 2009 U.S. Dist. LEXIS 35873, at *1 (E.D. Ca. Apr. 27, 2008) (adopting findings and recommendations of magistrate judge and dismissing similar action filed by Augustin). Insofar as he requests the Court to subsidize discovery costs in the underlying action in Delaware, the motion is likewise denied. *See Augustin v. New Century TRS Holding, Inc.*, No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying Augustin's *in forma pauperis* application to cover costs for similar discovery requests); *see also Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").

The foregoing will not prevent Augustin from obtaining the discovery documents that he seeks within this District, conditioned, of course, upon his compliance with Rule 45(a). *See Augustin*, 2008 U.S. Dist. LEXIS 102795, at *2.

For the reasons above, and good cause appearing,

**It is** on this 7th day of May, 2009, hereby

**ORDERED** that the application for *in forma pauperis* relief is **DENIED**; and it is further

**ORDERED** that this action is **DISMISSED** and the Clerk of the Court shall close the case.

/s/  Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.